UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION

| | |
|---|---|
| IN RE: | ) CHAPTER 13 |
| | ) |
| DERRICK LYNCH | ) CASE NO. 18-10191-WHD |
| | ) |
| | ) |
| DEBTOR. | ) |

## CHAPTER 13 TRUSTEE'S
## OBJECTION TO CONFIRMATION & MOTION TO DISMISS

COMES NOW Melissa J. Davey, Chapter 13 Trustee, and objects to confirmation of the plan and files this motion to dismiss under 11 U.S.C. Section 1307(c), for cause, including the following reasons:

1. The Debtor has failed to pay the Chapter 13 Plan payments to the Trustee as required by 11 U.S.C. Section 1326.

2. The Debtor has failed to provide copies of all pay advices received within sixty (60) days of filing the instant case, in violation of 11 U.S.C. Section 521(a)(1)(B)(iv).

3. In accordance with General Order Nos. 18-2015 and/or 22-2017 and the Statement of Rights and Responsibilities, the Debtor's attorney should timely provide proof of Debtor's $1,679.00 per month employment income and $913.00 per month social security income to the Chapter 13 Trustee. 11 U.S.C. Sections 521(a)(1), 1325(a)(3), 1325(a)(6), 1325(b)(1)(B) and Bankruptcy Rule 1007.

4. Pursuant to testimony at the meeting of creditors, the Debtor has not filed all tax returns that have come due in the four (4) years preceding the filing of this case, in violation of 11 U.S.C. Section 1308 (a). The Debtor should provide evidence that the tax returns have been filed for 2014, 2015, 2016, and 2017.

5. The Debtor has failed to provide the Trustee with a copy of the federal income tax return for the most recent tax year ending immediately before the commencement of the instant case in violation of 11 U.S.C. Section 521(e)(2)(A)(i).

6. Pursuant to information received from the Internal Revenue Service, 2013, 2016, and 2017 tax returns have not been provided to the taxing authorities; thereby, preventing the Chapter 13 Trustee from evaluating the feasibility of the Chapter 13 Plan, in violation of 11 U.S.C. Sections 1322(d) and 1325(a)(6).

Melissa J. Davey, Chapter 13 Trustee
Suite 200 – 260 Peachtree Street, N.W.
Atlanta, Georgia 30303
(678) 510-1444

7. The Trustee requests proof that Debtor has paid the post-petition mortgage payments for Debtor's residence in order to determine whether the Plan complies with 11 U.S.C. Sections 1325(a)(3) and 1325(b)(1)(B).

8. The Chapter 13 Trustee is unable to administer the provisions in the Chapter 13 Plan regarding the claim of Debtor's Homeowner's Association (creditor step date), Ocwen (creditor step date), Ally Financial (creditor step date), and W.S. Badcock (creditor step date; the value and interest rate do not equal the secured claim). The Plan should be amended to clarify the creditor's treatment and/or to provide additional information to allow administration of the payments to the creditor.

9. Section 3.6 of the proposed Chapter 13 plan either (1) fails to provide an interest rate to be applied to any allowed secured claims not treated specifically under the plan, preventing the Trustee from properly administering the plan, or (2) improperly crams down the interest rate to less than the current national prime interest rate. 11 U.S.C. Section 1325(a)(5)(B). *See Till v. SCS Credit Corp.*, 541 U.S. 465 (2004).

10. Debtor has failed to file a Certificate of Manner of Service showing proper service on W.S. Badcock pursuant to Federal Rules of Bankruptcy Procedure 2002, 3015, and 7004 in violation of NDGA Bankruptcy Court General Order 21-2017.

11. The Debtor proposes an $834.00 per month plan payment and attorney's fees are $4,950.00. The Debtor's counsel proposes to be paid up to $4,950.00 in the initial post-confirmation disbursement with the balance paid at $678.00 per month. This disbursement schedule may not be fair and equitable to all creditors and interested parties involved in this case. 11 U.S.C. Section 1325(a)(3), General Orders 18-2015 and/or 22-2017.

12. The Chapter 13 plan proposes to pay $4,950.00 to the Debtor's Attorney for payment of attorney fees. The Trustee is unable to determine whether this is a reasonable fee and would request that Debtor's counsel appear at confirmation and be prepared to present evidence to the Court regarding the reasonableness of the requested fee.

13. Debtor's Chapter 13 Plan provides for avoidance of a lien in Paragraph 3.4; however, no exemptions are apparently claimed according to Debtor's Plan, either preventing the Trustee from administering this provision and/or properly treating the creditors.

14. Pursuant to Debtor testimony at the Meeting of Creditors, the Debtor's ex-wife quitclaimed her interest in 56 Montpelier Place to him. Schedule A thus appears incorrect regarding the value of Debtor's interest and it does not appear that the judgment lien of Tesha Lynch can be avoided.

Melissa J. Davey, Chapter 13 Trustee
Suite 200 – 260 Peachtree Street, N.W.
Atlanta, Georgia 30303
(678) 510-1444

WHEREFORE, Trustee moves this Honorable Court to inquire into the above objections at the separately scheduled and noticed confirmation hearing, deny confirmation of the Chapter 13 plan, dismiss the case, and for such other and further relief that this Court deems just and proper.

/s/ Jason L. Rogers
Jason L. Rogers
Attorney for Chapter 13 Trustee
GA Bar No. 142575

Melissa J. Davey, Chapter 13 Trustee
Suite 200 – 260 Peachtree Street, N.W.
Atlanta, Georgia 30303
(678) 510-1444

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 13 |
| DERRICK LYNCH | ) | |
| | ) | CASE NO.: 18-10191-WHD |
| | ) | |
| DEBTOR. | ) | |

18-10191-WHD      **CERTIFICATE OF SERVICE**

This is to certify that I have this day served:

    DEBTOR(S):
    DERRICK LYNCH
    56 MONTPELIER PLACE
    SHARPSBURG, GA  30277

    DEBTOR(S) ATTORNEY:
    King & King Law L.L.C
    215 Pryor Street, SW
    Atlanta, GA  30303

in the foregoing matter with a copy of this Objection to Confirmation & Motion to Dismiss by depositing in the United States Mail a copy of same in a properly addressed envelope with adequate postage thereon.

Monday, March 19, 2018

/s/
Jason L. Rogers
GA Bar No. 142575
Attorney for Melissa J. Davey, Chapter 13 Trustee
260 Peachtree Street, NW, Suite 200
Atlanta, GA 30303
Telephone:  678-510-1444
Facsimile:   678-510-1450